UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CHARMEEK CORTEZ MITCHELL,

          Plaintiff,

       v.                                                    Case No. 24-cv-1350-bhl

CELESTE SYLAS,

          Defendant.

_____

## DISMISSAL ORDER
_____

      Plaintiff Charmeek Cortez Mitchell, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Dkt. No. 1. On January 31, 2025, the Court screened and dismissed the original complaint because it contained no factual allegations and improperly directed the Court to "please refer" to an attached Department of Corrections (DOC) letter for the factual basis for his intended claims. Dkt. No. 9. The Court explained that it was not the Court's (or Defendants') responsibility to dig through the contents of a DOC letter to identify a set of factual allegations and thus dismissed the original complaint for failure to state a claim. *Id*. On February 20, 2024, Mitchell filed an amended complaint. Dkt. No. 10. The Court will now screen the amended complaint.

      Mitchell alleges that, in May 2023, someone broke into Defendant Parole Agent Celeste Sylas' car and stole items that he believes contained his "personal information" including his "personal healthcare information." Dkt. No. 10 at 2. Mitchell does not describe the specific information he believes was stolen but asserts that Sylas should not have had work-related materials in her car (despite her job as a parole agent who travels to see her clients). *Id*. Based on the theft and Sylas's alleged negligence, Mitchell wants her "held accountable." *Id*. at 2-3. He seeks monetary damages. *Id*. at 4.

The Court will dismiss this case for failure to state a claim. Nothing in the Amended Complaint supports the existence of any claim for a violation of Mitchell's constitutional rights. Mitchell accuses Sylas of negligence, but negligence is a state law tort cause of action; it is not a basis for pursuing a federal claim under Section 1983. *Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles."). If Mitchell wishes to pursue a claim for negligence against Sylas, he must do so in state court.

It is possible that a defendant's state law negligence might also violate a prisoner's federal constitutional rights, but Mitchell does not clearly articulate what federal constitutional right he believes was violated. The mere fact that a third-party crook broke into his parole agent's car and stole information related to him does not obviously violate any part of the Constitution. The Supreme Court has recognized a "very limited" constitutional right to information privacy for prisoners under the Fourteenth Amendment, *Franklin v. McCaughtry*, 110 Fed. Appx. 715, 718-19 (7th Cir. 2004) (citing *Whalen v. Roe,* 429 U.S. 589, 599–600 (1977), but that right has no application to the facts Mitchell has alleged. It applies only to the "purposeful dissemination of intensely private medical information," such as HIV-positive status or transsexualism. *Id*. at 719. But the dissemination of ordinary medical information, such as "a cancerous finger sore, diabetes, the need for eyeglasses, and other fairly pedestrian maladies," do not trigger a Fourteenth Amendment claim. *Id*. Mitchell does not explain what type of "personal" or "healthcare information" was allegedly stolen from Sylas' car or whether that information constituted intensely private medical information. More importantly, however, he affirmatively alleges the information was stolen due to Sylas' "negligence." Accordingly, he does not claim that she purposefully disseminated his private medical information in a manner that implicates the Fourteenth Amendment. Mitchell therefore fails to state a claim under the Fourteenth Amendment.

In his initial complaint, Sylas also referred to the Health Insurance Portability and Accountability Act (HIPAA). Dkt. No. 1. But Sylas is not a medical care provider or contractor so it is unclear that this statute even applies to her. And even if it did, HIPAA does not create a private cause of action for purposes of §1983. *See Carpenter v. Phillips*, 419 Fed. App'x 658, 659 (7th Cir. 2011). The Court will dismiss this case for failure to state a claim.

## Conclusion

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 27, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.